UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTORY L. HARTMAN,

        Plaintiff,

vs.                                Case No. 2:12-cv-13-FtM-UA-SPC

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**ORDER**

This cause is before the Court for consideration of United States Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. No. 18), filed on September 10, 2012; Defendant Commissioner of Social Security's Objections to the Report and Recommendation (Doc. No. 19), filed on September 24, 2012; and Plaintiff, Victory L. Hartman's Response (Doc. No. 20), filed on October 5, 2012.

**STANDARD OF REVIEW**

When a party objects to the magistrate's findings, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also United States v. Veteto, 701 F.2d 136, 140 (11th Cir. 1983) (noting that although the court must make a de novo determination, a de novo hearing is not required). A *de novo* determination requires the district judge to consider factual issues on the record independent of the magistrate judge's Report and Recommendation. Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga., 896 F.2d 507, 513 (11th Cir. 1990). The judge "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." § 636(b)(1).

**ANALYSIS**

Plaintiff sought review of the final decision of the Commissioner of Social Security denying her claim for supplemental security income. In her Report and Recommendation, Judge Chappell recommended that the Commissioner's decision be REVERSED and that the case be REMANDED for additional proceedings consistent with her report. (Doc. No. 18, p. 16.) Specifically, Judge Chappell found that the record did not conclusively demonstrate whether the Administrative Law Judge ("ALJ") provided Plaintiff the opportunity to examine post-hearing evidence or to cross examine the vocational expert. (Id. at 13.)

Defendant objects to the Report and Recommendation, urges the Court to not adopt the recommendation of remand, and seeks affirmance of the Commissioner's decision. (Doc. No. 19, p. 1.) In particular, Defendant argues that Plaintiff was given an opportunity to confront the post-hearing evidence and that Plaintiff's counsel did not ask the ALJ to suspend the hearing to permit the cross-examination of the vocational expert. (Id. at 2-3.)

After an independent *de novo* review of the record in this matter, including the objections filed by Defendant, and Plaintiff's response to the objections, the Court agrees entirely with the findings of fact and conclusions of law in Judge Chappell's Report and Recommendation. The Court finds that Defendant's objections do not warrant additional discussion, as the Report and Recommendation addresses the arguments in a well-reasoned and thorough manner. The Court overrules Defendant's objections and adopts Judge Chappell's analysis and conclusions.

**CONCLUSION**

Based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation filed on September 10, 2012, (Doc. No. 18), is **ADOPTED** and made a part of this Order.

2. Defendant's decision is **REVERSED**.

3. The case is **REMANDED** to Defendant to (1) allow Plaintiff's counsel to examine the post-trial evidence, to cross examine the vocational expert, and to otherwise develop the record consistent with Judge Chappell's recommendations; and (2) to conduct any other proceedings deemed appropriate to assess Plaintiff's claim for supplemental security income.

The Clerk is hereby directed to enter judgment in accordance with this Order and to close this case.

**DONE AND ORDERED** in Chambers in Fort Myers, Florida, on December 4, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Parties and Counsel of Record